## HART v. UNITED STATES.

1. The ruling in *Osborne* v. *United States*, 19 Wall. 577, reaffirmed, and applied to this case.
2. The United States is not responsible for the laches or the wrongful acts of its officers; and, where it takes an official bond, the obligors are conclusively presumed to execute it with a full knowledge of that principle of law, and to consent to be dealt with accordingly.
3. Where a defence is by way of traverse, it is not error to strike out so much thereof as is not responsive to the allegations of the petition.

ERROR to the Circuit Court of the United States for the Northern District of Ohio.

This suit was brought by the United States, May 29, 1872, against Hosmer, Hart, and Stahl, on a distiller's bond, executed by them May 29, 1871, in the sum of $5,000, and conditioned to be void if said Hosmer should faithfully comply with all the provisions of law relating to the duties and business of distillers, and pay all penalties incurred or fines imposed on him for a violation of any of said provisions, and should not suffer the tract or lot of land on which the distillery stood, or any part thereof, to be incumbered by mortgage, judgment, or other lien during the time in which he should carry on said business.

The breach alleged was the non-payment by said Hosmer of $3,000, demanded of him, being the amount of tax on six thousand gallons of spirits, which he had distilled after the first day of June, 1871. He made no defence. The other defendants filed three pleas: 1. That the bond was never delivered to the plaintiff; that the assessor had no authority of law to approve it; and that neither the collector nor any other officer of the plaintiff had authority to receive it. 2. That the bond was a common distiller's bond, and that they signed it merely as sureties for Hosmer, without consideration, and for his accommodation; that, six days before its execution, Hosmer, without their knowledge, incumbered the ground upon which the distillery stood, by his mortgage of the same to one Dempsey, which was duly recorded May 25, 1871; that the plaintiff did not require, nor did Hosmer file with the assessor, the written consent of Dempsey that the lien of the United States for taxes and penalties should have priority to the mortgage, and that the title should, in case of forfeiture, vest in the United States, discharged of said mortgage; nor was Hosmer required to, nor did he, execute an indemnity bond against said mortgage, as required by the act of Congress approved April 10, 1869, but that the bond sued on was approved without the filing of such consent or the taking of such indemnity bond; that, by reason of the non-payment by Hosmer of the taxes on distilled spirits which were chargeable, and a lien upon said ground, a part of it was distrained and sold for $6,100, which sum, if the amount of Dempsey's mortgage had not been deducted therefrom, would have been sufficient to pay Hosmer's indebtedness to the United States. 3. That the taxes charged and sued for were assessed against Hosmer on spirits he had distilled, and were a first and paramount lien thereon; but that the collector of internal revenue for the district, without the knowledge or assent of the defendants, and without first requiring the payment of the taxes thereon, permitted him to remove from the bonded warehouse a quantity of said spirits, — more than sufficient to pay any just claim of the plaintiff.

On motion of the plaintiff, all of the first plea, except so much as averred the non-delivery of the bond sued on, was

stricken out. Demurrers to the second and third were sustained, whereupon the defendants excepted.

The court found that the bond in suit was signed May 29, 1871; that it was, on the first day of June, handed by Hosmer to the deputy-assessor of internal revenue, to be transmitted to the assessor, by whom it was approved June 5, and then duly transmitted by mail to the collector of the district.

There was a judgment for $3,048.40, and costs.

Hart and Stahl then sued out this writ of error.

*Mr. James A. Garfield* and *Mr. A. G. Riddle* for the plaintiffs in error.

*Mr. Assistant Attorney-General Smith, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The second defence relied upon in this case is disposed of by *Osborne* v. *United States,* 19 Wall. 577, which we are not inclined to reconsider.

The third defence is equally bad. Under the law as it stood when this suit was commenced, no distilled spirits could be removed from a distillery warehouse before payment of the tax, 15 Stat. 130, sect. 15, without subjecting all those engaged in such a removal to heavy penalties, id. 140, sect. 36. An officer of the United States had no authority to dispense with this requirement of the law. If in violation of his duty he permitted such a removal, he subjected himself to punishment, but did not bind the government by his acts. The government is not responsible for the laches or the wrongful acts of its officers. *Gibbons* v. *United States,* 8 Wall. 269; *United States* v. *Kirkpatrick,* 9 Wheat. 720; *United States* v. *Vanzandt,* 11 id. 184; *United States* v. *Nicholl,* 12 id. 505; *Jones et al.* v. *United States,* 18 Wall. 662. Every surety upon an official bond to the government is presumed to enter into his contract with a full knowledge of this principle of law, and to consent to be dealt with accordingly. The government enters into no contract with him that its officers shall perform their duties. A government may be a loser by the negligence of its officers, but it never becomes bound to others for the consequences of such neglect, unless it be by express agreement to that effect. Here

the surety was aware of the lien which the law gave as security for the payment of the tax. He also knew that, in order to retain this lien, the government must rely upon the diligence and honesty of its agents. If they performed their duties and preserved the security, it inured to his benefit as well as that of the government; but if by neglect or misconduct they lost it, the government did not come under obligations to make good the loss to him, or, what is the same thing, release him *pro tanto* from the obligation of his bond. As between himself and the government, he took the risk of the effect of official negligence upon the security which the law provided for his protection against loss by reason of the liability he assumed.

There was no error in striking out that portion of the first defence which was objected to. It was not responsive to any allegation in the petition.　　　　　*Judgment affirmed.*