## UNITED STATES *v.* WITTEN.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
WESTERN DISTRICT OF VIRGINIA.

No. 151. Argued January 8, 1892. — Decided February 1, 1892.

The stealing of distilled spirits from a distillery warehouse by reason of the omission of the internal revenue officers to provide sufficient locks on the doors affords no defence to an action on the distiller's bond to pay the tax due on the spirits before their removal and within three years from the date of entry.

THE case is stated in the opinion.

*Mr. Solicitor General* for plaintiff in error.

No appearance for defendants in error.

MR. JUSTICE GRAY delivered the opinion of the court.

This was an action brought in May, 1887, on a bond dated January 31, 1884, given to the United States by the defendant Witten as principal, and the other defendants as sureties, in the sum of $261.90, with condition that the principal should pay, or cause to be paid, to the collector of internal revenue for the fourth collection district of Virginia the amount of taxes due and owing on certain distilled spirits (described) "which were deposited during the month ended January 31st, 1884, and entered for deposit in the distillery warehouse No. 3, of A. S. Witten, at Plumb Creek, in the fourth collection district of Virginia, on the 31st of January, 1884, before such spirits shall be removed from such warehouse, and within three years from the date of such entry."

One breach alleged in the declaration, and denied in the plea, was that at the date of the bond Witten had on deposit in his distillery warehouse ninety-three gallons of distilled spirits in two barrels, deposited January 30, 1884, and had failed to pay within three years from the date of entry the taxes due thereon.

At the trial the deposit of the spirits in the warehouse and the non-payment of the tax were admitted. The defendants offered evidence tending to show that the locks placed on the doors of the warehouse by the revenue officers were at times not such as required by law, and at other times were insufficient and insecure, and the warehouse itself was not a secure building; and that during such times the warehouse was broken open and the spirits stolen.

The district attorney requested the court to instruct the jury that if these facts were proved, yet the United States were entitled to recover the amount of the taxes on these spirits. But the court refused so to instruct the jury, and instructed them that the United States were entitled to recover that amount, "unless the jury shall believe from the evidence that through the negligence and default of the officers of the government the defendant lost a portion of the whiskey deposited in the bonded warehouse, then as to the number of gallons so lost by the default or negligence of the agents of the government the defendants are entitled to a reduction of the government's demand at the rate of ninety cents on the gallon."

The jury returned a verdict for the defendants, and the United States excepted to the refusal to instruct and to the instruction given, and sued out this writ of error.

By section 3271 of the Revised Statutes, it is enacted that every distiller shall provide at his own expense a warehouse to be situated upon and to constitute a part of his distillery premises, and to be used only for the storage of distilled spirits of his own manufacture until the tax thereon shall be paid, and not to open into the distillery or into any other building; and such warehouse, when approved by the commissioner of internal revenue, on report of the collector, is declared to be a bonded warehouse of the United States, and is to be under the direction and control of the collector of the district and in charge of an internal revenue storekeeper. By section 3274, "every distillery warehouse shall be in the joint custody of the storekeeper and the proprietor thereof;" and shall be securely locked, and shall be opened only in the presence of the storekeeper. And by section 3275, no fence or wall more

than five feet high shall be built around the premises of any distillery, and every distiller shall furnish to the collector of the district as many keys of the gates and doors of the warehouse as the collector may require for any revenue officers authorized to inspect the premises, and the distillery shall be kept always accessible to any officer or other person having such a key.

By section 3293 of the Revised Statutes, as amended by the joint resolution of March 28, 1878, No. 16, and by the act of March 1, 1879, c. 125, § 5, the distiller or owner of all spirits removed to the distillery warehouse is required to enter them for deposit in the warehouse, and, at the time of making the entry, to give bond, with sureties satisfactory to the collector of the district, " conditioned that the principal named in said bond shall pay the tax on the spirits as specified in the entry, or cause the same to be paid, before removal from said distillery warehouse, and within three years from the date of said entry." 20 Stat. 249, 336.

The bond sued on is in that form. By the failure of the defendants to pay the taxes on part of the spirits within three years from the date of their entry for deposit, the condition of the bond was forfeited. The stealing of those spirits from the warehouse by reason of the omission of the revenue officers to provide sufficient locks on the doors affords no defence, either to the principal or to the sureties on the bond. Under the requirements of the internal revenue laws, the warehouse was provided by the owner of the distillery, at his own expense and on his premises, and, although declared to be a bonded warehouse of the United States, and required to be under the direction and control of the collector of the district and in charge of a government storekeeper, was in the joint custody of the storekeeper and the owner. The deposit of the spirits in the warehouse was solely for the benefit of the distiller, and to enable him to give bond for the payment of the tax on the spirits, instead of paying the tax at once. The government assumed no responsibility to him for their safekeeping. If he was not satisfied with the security of the warehouse, he had only to take any measure, consistent with the access and

supervision of the revenue officers, to make it more secure, or else to pay the tax and remove the spirits. The only duty which the revenue officers owed in regard to the security of the warehouse and the safekeeping of the spirits therein, was to the government, and not to the defendants; and any negligence of those officers gave the defendants no rights against the government, and afforded them no excuse for not performing their obligation according to its terms. This is too well settled by previous decisions of this court to require more extended discussion. *Hart* v. *United States,* 95 U. S. 316, and cases cited; *Minturn* v. *United States,* 106 U. S. 437.

The jury in this case having been instructed otherwise, the judgment must be

*Reversed, and the case remanded with directions to set aside the verdict, and to order a new trial.*

In No. 152, a similar case between the same parties, a like judgment was entered.

*Mr. Solicitor General* for the United States.

No appearance for defendants in error.