## UNITED STATES v. RICHARDSON et al.

(District Court, E. D. North Carolina. February 3, 1904.)

**1. INTERNAL REVENUE—DISTILLER'S BOND—LIABILITY OF SURETIES.**

A distiller's official or annual bond binds the sureties for the payment of the tax on all the spirits distilled by the principal during its term, and they are not relieved from such liability by the execution of a warehousing bond covering certain of such spirits, which is not a substituted, but a cumulative, security.

Action by the United States on a distiller's bond to recover unpaid taxes on spirits removed from a warehouse.

Harry Skinner, Dist. Atty., for the United States.
Victor H. Boyden and Robert T. Hough, for defendant.

PURNELL, District Judge (orally). The plaintiff declares upon a bond, the conditions of which are as follows:

"If the said James B. Richardson shall, in all respects, faithfully comply with all the provisions of law relating to the duties and business of distillers,

and shall pay all penalties incurred or fines imposed on him for a violation of any of the said provisions," etc.

The facts are agreed that defendant Richardson was a distiller, and executed the bond set out, with the conditions therein recited, and the distilled spirits placed in the distillery warehouse were removed therefrom without the payment of the tax. The suit is on the bond for the taxes assessed by the Commissioner of Internal Revenue on the spirits produced at the distillery. The defendant contends that under the decision of the Supreme Court in United States v. Freel, 186 U. S. 309, 22 Sup. Ct. 875, 46 L. Ed. 1177, the liability of the surety cannot be extended beyond a fair scope of the terms of the contract, and, because a warehouse bond is required, the surety is not liable on this bond; that is, the annual bond was to include the tax is negatived by the provision of the law relating to the transportation of spirits from the distillery warehouse for export, and its withdrawal from the warehouse for the sciences and arts. The citation of this authority is sufficient to answer the contention that the warehouse bond does not cover this, and is not cumulative, but, if cumulative, does not vitiate this bond; but the only question for decision is the liability of the surety on the distiller's bond. One of the duties required of the distiller by law is that he shall pay the tax on distilled spirits produced at his distillery before the same is removed from the distillery premises, and a penalty is imposed upon him for a failure to do so. The case cited by the United States attorney (U. S. v. National Surety Co., 122 Fed. 904, by the Circuit Court of Appeals of the Sixth Circuit) seems to be conclusive as to all the arguments advanced by the defendant surety company; and, upon this authority, judgment will be rendered in favor of the plaintiff and against the defendant for the sum declared on in the complaint.