## LOWRY *v.* STATE.

### '(*Jackson.*   April Term, 1904.)'

1. **LARCENY.  No variance where indictment for larceny charg-
   ing ownership of property in two partners and proof shows three.**

   Where an indictment charged that the ownership of the prop-
   erty stolen was in a firm composed of two persons and the
   proof showed that it belonged to and was in the possession of
   another firm composed of the same persons and another, there
   is no material variance between the indictment and the proof.

   Code cited and construed:  Sec. 7090 (S.); sec. 5956 (M. & V.);
   sec 5127 (1858).

2. **SAME.  Ownership of whiskey in bonded warehouse properly
   laid in owner.**

   Whiskey in a bonded warehouse is in the joint custody of the
   storekeeper thereof and the owner, and there is no material
   variance between an indictment charging larceny of the whis-
   key averred to be the property of a firm and the proof show-
   ing it was stolen from a bonded warehouse.

   Case cited and approved:  U. S. v. Witten, 143 U. S., 76.

3. **SAME.  Ownership may be laid in agent of owner.**

   Where an indictment charges the larceny of property from the
   owner, proof of the taking from the agent of the owner is suf-
   ficient to sustain the indictment.

   Cases cited and approved:  Renfro v. State, 6 Bax., 517, 520;
   Morehead v. State, 9 Humph., 635; Hite v. State, 9 Yerg., 198.

---

## FROM HARDIN.

---

Appeal in error from the Circuit Court of Hardin
County.—LEVI S. WOODS, Judge.

Lowry v. State.

BROYLES & MCDOUGAL, for Lowry.

ATTORNEY-GENERAL CATES, for the State.

———

MR. JUSTICE NEIL delivered the opinion of the Court.

The plaintiff in error was indicted in the circuit court of Hardin county for the larceny of fifty gallons of whisky. The testimony showed that he stole at least one gallon, and he was convicted of petit larceny and sentenced to eighteen months' confinement in the State penitentiary.

He has appealed from the judgment of the court below, and assigned errors.

It is insisted that there is a fatal variance between the indictment and the evidence. In the indictment the whisky was charged to be the property of Hardin & Smith. In the evidence it appears that the whisky, at the time it was stolen was in the bonded warehouse of Hardin, Primm & Co. The latter firm was composed of the same members as the former firm, with the addition of Mr. Primm. At the time the whisky was stolen, as stated, although it was in the warehouse, it had been sold by Hardin, Primm & Co. to Hardin & Smith, but the former retained a nominal interest of one per cent. This device was adopted for the purpose of rendering unnecessary a charge on the books of the two firms.

It is also insisted that the plaintiff was not rightly convicted, because the possession of the property was in the United States, being in a bonded warehouse.

We do not think there was any substantial variance between the *allegata* and *probata;* that is, between the indictment and the proof. Even though the interest of Primm in the property should be treated as a real interest, still that would not produce a variance. The case would fall under section 7090 of Shannon's Code, which reads as follows:

"When an offense has been committed upon or in relation to any personal property belonging to several partners or owners, it is sufficient to charge such property as belonging to one or more of such partners or owners." It follows that the indictment would be sustained by the evidence, even though it should be shown that others of the partners than those named in the indictment were interested in the property.

We do not think that there was any variance because of the fact that the whisky was in a United States bonded warehouse. In *United States* v. *Witten,* 143 U. S., 76, 12 Sup. Ct., 372, 36 L. Ed., 81, it is held that whisky so situated is in the joint custody of the storekeeper and the owner. From this it appears that the whisky was in joint possession of Hardin, Primm & Co. (two of whom constituted the firm of Hardin & Smith) and of the storekeeper of the United States. Hardin, Primm & Co. held the property for the real owners, Hardin & Smith. The government had no interest in it except to secure the payment of taxes due. In the case referred to it is said: "Under the requirements of the internal revenue laws, the warehouse was provided by the owner of

the distillery at his own expense, and on his premises, and, although declared to be under the direction and control of the collector of the district, and in charge of a government storekeeper, was in the joint custody of the storekeeper and the owner. The deposit of the spirits in the warehouse was solely for the benefit of the distiller, and to enable him to give bond for the payment of the tax on the spirits, instead of paying the tax at once. The government assumed no responsibility to him for their safekeeping. If he was not satisfied with the security of the warehouse, he had only to take any measure consistent with the access and supervision of the revenue officers to make it more secure, or else to pay the tax and remove the spirits. The only duty which the revenue officers owed in regard to the security of the warehouse and the safe-keeping of the spirits therein was to the government, and not to the defendants; and any negligence of those officers gave the defendants no rights against the government, and afforded them no excuse for not performing their obligations according to its terms."

As stated above, the whisky was held for the owners, and Hardin, Primm & Co. were the agents of the owners. Proof of a taking from the agent of an owner would sustain an indictment charging a larceny from the owner. *Renfro* v. *The State*, 6 Baxt., 517, 520. See, also, *Morehead* v. *The State,* 9 Humph., 635; *Hite* v. *The State,* 9 Yerg., 198.

There was no error in the judgment of the court below, and it must be affirmed.