UNITED STATES v. COLE.

(District Court, M. D. Tennessee. May 26, 1904.)

No. 967.

1. INTERNAL REVENUE—DEPARTMENT RULES AND REGULATIONS—EVIDENCE.
Internal revenue rules and regulations prescribed and promulgated by the Treasury Department are only for the guidance of officers in the administration of the internal revenue laws, and have not the force of rules of evidence in an action by the United States to collect a revenue assessment.

2. SAME—SPIRITS UNACCOUNTED FOR—ASSESSMENT—PRIMA FACIE EVIDENCE.
In a suit based on an internal revenue assessment made under Rev. St. § 3309 [U. S. Comp. St. 1901, p. 2158], providing that, if the commissioner finds that a distiller has not accounted for all spirits produced by him, he shall make an assessment for the difference at the rate of 90 cents per every proof gallon, the assessment is prima facie evidence of its validity.

3. SAME—EVIDENCE.
Where, in a suit to recover an assessment on unreported spirits alleged to have been distilled from 2,774 gallons of fruit, defendant stipulated that he had received such amount of fruit, but wholly failed to account either for the destruction of the fruit or of the spirits alleged to have been distilled therefrom, a finding in favor of the government was justified.

In this case it is agreed that the records in the internal revenue office show the facts to be as follows:

(1) E. B. Cole was a distiller of spirits from fruit and during the season of 1900, from August 1st to November 15th, reported on forms 15 to have distilled 18,248 gallons of apple pomace.

(2) The internal revenue office reported on forms 192 that, in addition to said pomace so reported as distilled on forms 15, said Cole received during said period the additional amount of 2,774 gallons of apple pomace.

(3) The United States gauger's reports show that during said period Cole accounted for and tax-paid from said distillery 1,232 gallons of brandy.

(4) The surveyed capacity of Cole's still was 70.13 gallons of spirits per each 24 hours of operation.

(5) Cole operated during said period 388 hours.

A. M. Tillman, U. S. Atty.
Frank P. Bond, for defendant.

CLARK, District Judge. In dealing with a case like this it is well enough to bear in mind that revenue laws are not like penal laws, to be strictly construed, but should be construed fairly and reasonably, in such a manner as most effectually to accomplish the intention of Congress in passing these laws. United States v. Stowell, 133 U. S. 1, 10 Sup. Ct. 244, 33 L. Ed. 555. It seems pertinent to remark, too, that this court is not now dealing with the original question of whether the assessment should have been made, but only with the question of the validity of an assessment already made by the proper officer and the proper authority. The regulations and instructions so much relied on by the defendant's able counsel in the argument at bar are intended to control the actions of officers concerned with making an original assessment against a distiller, and these regulations and instructions do not purport to furnish rules of evidence for determining the validity of an assessment when that is called in question in this court. It would be quite beyond the province of such regulations and instructions to prescribe rules of evidence for the disposition of suits in this court. Of course, such application of such rules and regulations was never contemplated by the authority promulgating them, but they were designed, as stated, to guide officers in the Treasury Department concerned with the administration of the internal revenue laws. This misapprehension as to the method in which we are dealing with this assessment and the application of these regulations and instructions apparently underlies much of the argument of the defendant's counsel. With these preliminary observations the subject of the department rules and regulations may be dismissed as without application here.

It is also well to remark that the defendant has settled and paid the taxes on so much of the spirits or brandy produced at his distillery as he properly reported according to law, and as should have been reported on the quantity of fruit or pomace reported as received and used, and that is a closed transaction; certainly in the absence of some proper pleading and proper showing on which to open the account. This suit is not based upon a deficiency assessment, nor for material used in excess of the capacity of the distillery, as estimated, according to law, under the first clause of section 3309 [U. S. Comp. St. 1901, p. 2158]. The suit is based on an assessment made under the second clause of section 3309, which provides:

"If the commissioner finds that the distiller has not accounted for all the spirits produced by him, he shall, from all the evidence he can obtain, determine what quantity of spirits was actually produced by such distiller, and an assessment shall be made for the difference between the quantity reported and the quantity shown to have been actually produced, at the rate of ninety cents for every proof gallon."

The taxes were assessed on the ground that it appeared that the defendant had received and used in his distillery 2,774 gallons of pomace, and from which he should have produced and reported spirits produced at the rate of 1 gallon of spirits for every 14 gallons of pomace. The suit gives rise to the sharp, single question of the validity of this assessment, and it is clear beyond necessity for comment that

this suit does not involve the taking of a general account between the government and the defendant, but involves the single issue whether the government has made out a case which entitles it to recover. The assessment itself, it must be borne in mind, is prima facie evidence, and, if not impeached, is sufficient to justify a recovery, although every fact on which the defendant's liability is ascertained is open to contestation by him. United States v. Rindskopf, 105 U. S. 418, 26 L. Ed. 1131. This is just the situation with which we are now and here dealing. Besides this prima facie showing in favor of the validity of the assessment, there is a stipulation on file as a part of the proof, in which it is distinctly agreed that the defendant received the 2,774 gallons of pomace or fruit. The defendant does not now, by his pleadings or proof, offer to show the accidental destruction of this pomace received by him, the spirits produced from which have never been reported. No showing is made as to what became of this pomace thus received, if not used. There is no showing that it was not in fact used, and the stipulation strongly supports the validity of the assessment made for the spirits, what should have been reported in consequence of this otherwise unaccounted for pomace. The fact that the defendant acknowledges receipt of the pomace fully justifies the finding that he used it, in the absence of any explanation otherwise accounting for what became of the material, and the use of the pomace of course justifies the conclusion that the defendant produced spirits at the rate of 1 gallon to 14 gallons of pomace, which he has not reported or accounted for, and he is therefore justly and legally subject to assessment and to the payment of the tax prescribed by law on the number of gallons thus circumstantially shown to have been produced.

The contention of the defendant's able counsel is based largely on the view that it is necessary to sustain this assessment in a suit brought thereon in this court by testimony direct and positive of the fact that the defendant produced the spirts from the fruit or pomace which he received and used at his distillery, and that this cannot be shown circumstantially. No authority, however, is cited to support this position, except a regulation of the Treasury Department, in respect of which sufficient has been said. The issues in a suit in this court are to be determined just like any other issue in a civil case, by a fair preponderance or weight of the evidence, and any necessary fact or element may be determined by circumstantial evidence, or by direct evidence, or by both of these combined, as in other cases. A doctrine which would require direct and positive evidence to the fact that distilled spirits were produced would make it altogether certain that the government would be defeated in well-nigh every assessment and suit of this kind. When a distiller is trying in this method to defraud the government, all necessary precaution would be taken to conceal the fact of the production of the spirits from all persons who might be in a position or willing to testify directly to the fact, and it must not be forgotten that in the case of a brandy distiller the government is not represented by any officer or agent present in a position to detect and testify to a fraud of this kind. A rule requiring direct and positive testimony to the fact that the spirits were actually or certainly produced would make it certain and easy to defraud the government, and there is no question that it would

be defrauded constantly and extensively. Furthermore, I may repeat and restate that the burden is not on the government in the first instance to go behind the assessment made and certified, and to show either directly or circumstantially, the actual production of spirits, in order to uphold the assessment. As I have pointed out, the assessment is prima facie valid, and sufficient to support judgment for the government, unless the defendant is able to show its invalidity. The assessment is good not only on account of the presumption in its favor in the absence of evidence to overturn it by the defendant, but, as I have declared, is strongly supported by the fact, admitted in the stipulation, that the pomace was actually received, and from which fact, in my opinion, it is entirely justifiable to infer that the material was used, and the proper quantity of spirits actually produced, any contrary view not being sustained by any explanation or showing made by this defendant.

I conclude that the government has made a case for recovery, and judgment will go accordingly.