UNITED STATES v. GUEST.

(Circuit Court of Appeals, Fourth Circuit. February 6, 1906.)

No. 610.

**1.** INTERNAL REVENUE—LIABILITY ON DISTILLER'S BOND—TAX ON SPIRITS LOST IN WAREHOUSE.

A surety on a distiller's bond is not relieved from liability for the tax upon spirits lost in the distillery warehouse, by the fact that at the time of the loss the warehouse was in the possession of the collector, who had seized it for an alleged violation of law, and that the loss was through the negligence of the custodian; his remedy in such case being by an appeal to the Secretary of the Treasury for an abatement of the tax, under Rev. St. § 3221 [U. S. Comp. St. 1901, p. 2087].

[Ed. Note.—For cases in point, see vol. 29, Cent. Dig. Internal Revenue, § 70.]

**2.** LIMITATION OF ACTIONS—SUIT TO RECOVER TAX—INTEREST RECOVERABLE.

Under Rev. St. § 3184 [U. S. Comp. St. 1901, p. 2072], providing for the collection of delinquent internal revenue taxes with a penalty of 5 per cent. thereon and interest at the rate of 1 per cent. a month, such interest is not a penalty, but is recoverable as interest, and the limitation of five years, prescribed by Rev. St. § 1047 [ U. S. Comp. St. 1901, p. 727] for suits to recover penalties, does not apply to a suit to recover such interest as a part of the debt.

**3.** SAME—DISTILLER'S BOND—TAX ON SPIRITS LOST IN WAREHOUSE.

The sureties on a distiller's bond are not liable, in the first instance, for taxes on spirits which were lost after being placed in a warehouse, and thus brought within the express terms of the warehousing bond, whatever their ultimate liability may be should the remedy by suit on the latter bond prove unavailing.

In Error to the District Court of the United States for the Western District of South Carolina.

John G. Capers, U. S. Atty., and Thomas W. Bacot, Asst. U. S. Atty.

Blythe & Blythe, for defendant in error.

Before PRITCHARD, Circuit Judge, and WADDILL and KELLER, District Judges.

WADDILL, District Judge. The United States, the plaintiff in error, filed its complaint in the court below, on the 19th day of March, 1904, against William A. Morgan, James L. Trammel, and John E. Guest, the latter of whom is the defendant in error here, to recover judgment upon a certain distiller's bond executed by the said William A. Morgan, as principal, with the said Trammel and Guest, as sureties. The government sought to recover the sum of $51.15, stamp tax on spirits contained in a certain package removed from one of its distillery warehouses, with interest thereon at the rate of 1 per cent. per month from the 1st day of October, 1896; and also for the sum of $88.12 for deficiency spirits during the months of June and July, 1896, with interest at the same rate from the 1st day of February, 1897, until paid, together with a penalty of 5 per cent. imposed upon the said two sums. Judgment by default was entered against the principal defendant; Trammel, surety, had left the state, and service was not had upon him; and the surety John E. Guest appeared and interposed his defense, setting up, among other things, the plea of the statute of limitations, the lack of notice to him as surety of the assessment, and specially pleaded as follows:

"Specifically answering the allegations of the second and fourth paragraphs of the complaint, this defendant alleges on information and belief that, some time during the summer of 1896, the collector of internal revenue for the district of South Carolina seized the distillery of the said William A. Morgan, and all the whisky in the warehouse, and took possession of the same; that the said collector, his agents and servants, so negligently guarded said whisky, that large quantities thereof were abstracted from said warehouse, including the said package No. 57, and that this caused the alleged deficiency set forth and sued for in this action; and that therefore this defendant, as surety on said bond, is not liable therefor."

A jury was impaneled, and the allegations set up in said fourth paragraph admitted, as well as the fact that the cause of action arose more than six years prior to the time of the institution of the suit. Upon this pleading, the court, among other things, ruled that the recovery for the special tax of $51.15 could not be had against the defendant, because of the loss of the spirits upon which the tax was charged by reason of the negligence of a government officer, after the same had been taken possession of by the government, and without fault on the part of the defendant. The court further held that the statute of limitations did not run against the government, as to the debt sued on, but that, under section 1047 of the Revised Statutes [U. S. Comp. St. 1901, p. 727], so far as the penalty was concerned, the statute limiting such recovery to five years applied; and that the 1 per cent. claimed by the government was in the nature of a penalty, and was barred, and only legal interest could be recovered. And the court thereupon instructed a verdict in favor of the government against the defendant Guest for only the sum of $88.12, the deficiency sued for, with interest from the 7th day of February, 1897, at the rate of 7 per cent. per annum; that being the legal interest rate in the state of South Carolina. The government reserved exceptions to the rulings of the court, and presents for our consideration the correctness of such rulings in the three particulars mentioned, namely: Whether

recovery can be had against a surety on a distiller's bond for losses arising in the distillery warehouse, after the spirits on which the tax was assessed had been seized by the government officer; whether the 1 per cent. per month specified in the statute was recoverable as interest upon the debt due the government, and as against which the statute of limitations would not run; or whether the same should be treated in the nature of a penalty, and subject to the five-year limitation prescribed by the act of Congress.

We are inclined to differ with the learned judge of the lower court in all three particulars. As to the loss of the spirits, it is true the distillery and its contents had been seized by the government's representative, and the defendants may be said to have in no manner brought about the loss; still it does not serve to relieve the liability under the bond. That the government is not liable for negligence or laches of its officers or agent is well recognized and settled, and such negligence constitutes no bar or defense to a recovery upon a bond taken by the government. Hart v. United States, 95 U. S. 316, 24 L. Ed. 479; Minturn v. United States, 106 U. S. 437, 1 Sup. Ct. 402, 27 L. Ed. 208; United States v. Witten, 143 U. S. 76, 12 Sup. Ct. 372, 36 L. Ed. 81.

Section 3221 of the Revised Statutes [U. S. Comp. St. 1901, p. 2087] provides a method for the abatement of taxes on distilled spirits, where the same have been lost or destroyed, namely, by appeal to the Secretary of the Treasury, and it is only under this section that relief in such cases can be secured.

Section 3184 of the Revised Statutes [U. S. Comp. St. 1901, p. 2072] prescribes interest at the rate of 1 per cent. per month upon taxes and assessments of the character involved here, and our conclusion is that this is recoverable as interest, and is not a penalty; there being a 5 per cent. penalty specifically prescribed on the amount of the tax.

This is an ordinary suit, or, technically speaking, action of debt, upon a bond taken by the government to secure its revenue; and, on recovery under the same, interest runs at the rate of 1 per cent. per month, or 12 per cent. per annum, the rate prescribed by the act of Congress; and the statute of limitations, as recognized by the court below, does not run against the government in the collection of its debts, while it does against the enforcement of the penalties, by reason of the act of Congress in such case made and provided.

While these are our views upon the three propositions discussed, we do not see that the same avails the government materially in this case, since the judgment as entered against the appellee is for more than the government was in any event entitled to recover in this case on the bond sued on. This is a suit upon a distiller's bond, and not on a warehousing bond; and it being admitted, as averred by the fourth paragraph of the defendant's answer hereinbefore recited, that large quantities of the spirits, after the same was placed in the distillery warehouse, were abstracted therefrom, including the stamp taxed package sued for, and that by reason thereof the liability for deficiency spirits sued for was incurred, manifestly a recovery for such causes cannot be primarily had upon the distiller's bond, as distinguished from the warehousing bond.

Two bonds are executed by distillers; the first known as the distiller's bond, executed prior to commencing business, and the other, as a warehousing bond, to cover the aggregate monthly deposits of spirits in the warehouse. The condition of the first bond is as follows:

"The condition of the foregoing obligation is such that A. B. now intends on and after the ——— day of ———, 190—, to be engaged in the business of a distiller. * * * Now, therefore, if the said A. B. shall in all respects, faithfully comply with all the provisions of law relating to the duties and business of distillers, and shall pay all penalties incurred or fines imposed on him for a violation of any of the said provisions, and shall not suffer the lot or tract of land on which the distillery stands, or any part thereof, or any of the distilling apparatus, to be incumbered by mortgage, judgment, or other lien, during the time in which he shall carry on said business, then this obligation shall be void; otherwise it shall remain in full force."

And of the warehousing bond, as follows:

"Know all men by these presents, that we, A. B., as principal, and C. D., as sureties, are held and firmly bound, etc. The condition of the foregoing obligation is such that if the above bounded principal, or either of them, or the heirs, executors or administrators, or either of them, shall well and truly pay, or cause to be paid, unto the Collector of Internal Revenue for the ——— Collection District of ——— the amount of tax at the rate imposed by act of Congress of August 28th, 1894, due and owing on the following described spirits, to wit: ——— which were deposited during the month ended ——— and entered for deposit in the distillery warehouse No. ——— on the ——— day of ———, 189—, before such spirits shall be removed from such warehouse, and within eight years from the date of said entry, then this obligation shall be void; otherwise to remain in full force and virtue."

It appearing upon the pleadings and proof in this case that whatever loss the government sustained arose, not in connection with the distillation of the spirits, but from causes arising after the spirits had been seized by a government officer in the distillery warehouse, resulting in the loss altogether of one package, and confessedly a shortage in others, recovery should have been sought on the warehousing, as distinguished from the distiller's bond.

The suggestion is made that the recovery sought can be had against the sureties under the distiller's as well as the warehousing bond, and that the latter bond is intended as mere cumulative security for the obligations arising under the former bond. United States v. National Surety Co., 122 Fed. 904, 59 C. C. A. 130; United States v. Richardson (D. C.) 127 Fed. 893. Conceding this to be true, and which is a proposition not necessary to be passed on here, it does not follow that for losses of the character involved in this case, and for which primarily recovery should be had against the sureties on the warehousing bond as distinguished from the distiller's bond, no recovery need be sought at all on said warehousing bond, but reliance be placed entirely upon those liable under the distiller's bond; thereby placing the burden upon a set of sureties who, if at all, are only secondarily liable, to the exclusion of those primarily responsible.

Any error of the lower court, so far as the government is interested in this case, being harmless in character, the judgment of that court will be affirmed.

KELLER, District Judge. I concur, except as to the implied statement in the opinion that, as a last resort, recovery might be had on the distiller's bond for tax due on warehoused spirits, which position I doubt.