UNITED STATES FIDELITY & GUARANTY CO. OF BALTIMORE,
MD., v. UNITED STATES et al.

(Circuit Court of Appeals, Fourth Circuit.   November 28, 1914.)

No. 1308.

1. INTERNAL REVENUE ☞23—WAREHOUSE BONDS—LIABILITY OF SURETY.
     The surety on a warehousing bond, given by the owner of a distillery
warehouse, conditioned for the payment of the internal revenue tax im-
posed on all spirits deposited in such warehouse before their removal
therefrom and within eight years from the date of their entry for de-
posit therein, was liable for the tax on spirits deposited in such ware-
house, though the government instituted proceedings whereby the dis-
tillery and the spirits therein were forfeited to it, and thereafter, while
such spirits were in possession of the government, they were stolen and
never recovered, as it was obviously the purpose of the government in
requiring such a bond to provide against any contingency that might
arise preventing it from collecting the tax, and the remedies of the gov-
ernment were not alternative, but cumulative.
     [Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 62–67;
Dec. Dig. ☞23.]

2. INTERNAL REVENUE ☞12, 26—TAXES ON SPIRITS—WHEN DUE.
     The internal revenue tax on spirits becomes due as soon as the spirits
are produced, and the government has a first lien thereon until the tax
is paid.
     [Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 30–32,
74; Dec. Dig. ☞12, 26.]

In Error to the District Court of the United States for the East-
ern District of Virginia, at Norfolk; Edmund Waddill, Jr., Judge.

Action by the United States against the United States Fidelity &
Guaranty Company of Baltimore, Md., and another.   Judgment on a
directed verdict for the United States, and the defendant named
brings error.   Affirmed.

Edward R. Baird, Jr., of Norfolk, Va. (Baird, Swink & Moreland,
of Norfolk, Va., on the brief), for plaintiff in error.

Hiram M. Smith, Asst. U. S. Atty., of Richmond, Va. (Richard H.
Mann, U. S. Atty., of Petersburg, Va., on the brief).

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

PRITCHARD, Circuit Judge.   This is an action instituted in the
United States District Court for the Eastern District of Virginia, at
Norfolk, in February, 1914, against Columbus F. Cheshire and the
United States Fidelity & Guaranty Company, upon a warehousing
bond in the penalty of $5,000, in which the former is principal and
the latter is surety.   The plaintiff in error will be referred to as de-
fendant, and the defendant in error as plaintiff; such being the rela-
tive positions the parties occupied in the court below.

This case was heard upon a stipulation as to the facts.   The court
instructed the jury to return a verdict in favor of the government for
$3,221.79, with interest from the 30th day of May, 1913, at the rate
of 6 per cent. per annum until paid; said amount being the full claim

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of the government as presented in such action.   Judgment was accord-- ingly entered by the court upon this verdict.

[1] The circumstances are as follows:

Columbus F. Cheshire was a distiller, owning distillery warehouse No. 3, near Portsmouth, Va.   The warehousing bond given by him, upon which this suit was brought, was conditioned.

"To pay the full amount of tax, at the rate imposed by an act of Congress of August 28, 1894, on all spirits so deposited in said distillery warehouse before removal therefrom and within eight years from the date of entry of such spirits for deposit in said warehouse."

Because of alleged offenses against the government, proceedings were begun by it, before the institution of this suit, against Cheshire, in which was obtained a judgment forfeiting to the government the distillery, the land whereon it was located, and 64 barrels of spirits, upon which taxes amounting to $3,221.79 were then unpaid.   The agreed statement of facts contains the following:

"Fourth. On May 30, 1913, subsequent to the seizure and forfeiture of the distillery in these proceedings described, and while said distillery and whisky was in the possession of the United States government, to be sold by the marshal under the order of this court in said libel proceedings, the whisky in the warehouse was stolen therefrom before said sale, and has never been recovered or sold."

Upon the trial the court refused certain instructions asked for by the defendant, and at the request of the government charged the jury as follows:

"The jury are charged that the United States tax on spirits distilled attaches to the same as soon as it comes into existence, and continues as a first lien thereon until the tax is paid or the whisky is sold by the United States; and defendants are not relieved from the payment of the tax thereon because the same was stolen before the sale thereof, while in the possession of the government, notwithstanding it may have been declared forfeited to the government in the proceedings instituted for such forfeiture.

"The jury are accordingly directed to find a verdict for the government for the sum of $3,221.79, with interest thereon from the 30th day of May, 1913, at the rate of 6 per cent. per annum until paid."

In accordance with such charge, the jury rendered the following verdict:

"We, the jury, upon issue joined, find for the government for the sum of ($3,221.79) thirty-two hundred and twenty-one 79/100 dollars, with interest thereon from the 30th day of May, 1913, at the rate of six per centum per annum until paid.   John W. Starke, Foreman.   June 12th, 1914."

The surety excepted to the ruling of the court below, and the case comes here on writ of error.

The only question involved in this controversy is as to whether the court below erred in holding that under the facts of this case the surety was not relieved of its obligation to pay the taxes on the amount of spirits placed in the warehouse in pursuance of the execution of the bond in question.   That portion of the obligation material to the issue is as follows:

"The principal shall * * * well and truly pay or cause to be paid * * * the full amount of tax on all spirits so deposited at said distillery

220 F.—38

warehouse before the removal therefrom and within eight years from the date of entry of such spirits for deposit in said warehouse."

It should be borne in mind that in the enforcement of the revenue laws it is the prime object of the government to safeguard its right to collect all the tax on spirits produced. Therefore, when spirits are entered for deposit in a warehouse, the government, in addition to requiring a bond for the payment of the taxes thereon, also retains possession of the warehouse, and the key to the same is kept at all times in the custody of a storekeeper and gauger.

[2] It has been uniformly held that the tax on spirits becomes due as soon as the same is produced, and that the government has a first lien on the same until the tax is paid. United States v. National Surety Co., 122 Fed. 904, 59 C. C. A. 130; United States v. Ulrici, 111 U. S. 38, 4 Sup. Ct. 288, 28 L. Ed. 344; Harkins v. Williard, 146 Fed. 707, 77 C. C. A. 129. However, it is contended by counsel for defendant that, inasmuch as the spirits in question were stolen after there had been a forfeiture of the same to the government by a decree of the District Court, the defendant, as surety on the warehouse bond, was thereby relieved from liability. When the defendant became surety on the warehouse bond, it entered into a contract with the government to the effect that the full amount of all taxes on spirits deposited at the distillery warehouse should be paid for before removal, and within eight years from the day when such spirits were entered for deposit.

By taking advantage of the statute, the distiller was afforded an opportunity to postpone the payment of tax on spirits produced. In other words, he secured an extension of eight years in which to make such payment. It is but natural that the government, in extending this grace to the distiller, should insist upon a provision in the warehouse bond that would absolutely remove all doubt as to the payment of the tax within the period mentioned. Common observation and experience teach us that during the period mentioned unforeseen contingencies are liable to arise which might render it impossible for the government to realize the tax by the sale of the spirits. Therefore it is obvious that it was the purpose of the government, in requiring the distiller to execute a bond of this character, to provide against any contingency that might arise which would prevent the government from collecting its tax. If this had been a distiller's bond, and the spirits had been stolen before the entry of decree of forfeiture, there would be no controversy here as to the liability of the surety; that question having been definitely settled in the cases of United States v. Mullins, 119 Fed. 335, 56 C. C. A. 238, United States v. Guest, 143 Fed. 456, 74 C. C. A. 590, and United States v. Sisk, 176 Fed. 885, 100 C. C. A. 355.

The case at bar is clearly analogous, and the fact that the spirits in this instance had been forfeited by a decree of the District Court before they were stolen could in no wise affect the status of the obligors; it being clearly provided in the bond in question that the tax on the spirits produced should be paid before the same were removed from the warehouse. This unconditional and continuing obligation was required by the government, in view of the many contingencies

which might arise, wherein it would be impossible for the government to realize the tax due by the sale of the spirits.

There is nothing in the bond to warrant the contention that the remedies of the government are alternative. Such rights are cumulative. Therefore the pursuit by one remedy could in no wise affect the right of the government, as in this instance, to resort to another for the purpose of collecting its tax. In the case of United States v. Witten, 143 U. S. 76, 12 Sup. Ct. 372, 36 L. Ed. 81, distilled spirits were stolen from a warehouse where the internal revenue officer had failed to provide sufficient locks on the doors. The court held that such action on the part of the government official could not be pleaded as a defense to an action to recover on the distiller's bond the taxes due on spirits before their removal from the warehouse. Among other things, the court in that case said:

"The only duty which the revenue officers owed in regard to the security of the warehouse and the safe-keeping of the spirits therein was to the government, and not to the defendants; and any negligence of those officers gave the defendants no rights against the government, and afforded them no excuse for not performing their obligation according to its term. This is too well settled by previous decisions of this court to require more extended discussion. Hart v. United States, 95 U. S. 316 [24 L. Ed. 479], and cases cited; Minturn v. United States, 106 U. S. 437 [1 Sup. Ct. 402, 27 L. Ed. 208]."

In view of what we have said, it follows that the judgment of the lower court should be affirmed.

Affirmed.