**CARNILL v. LEDERER, Collector of Internal Revenue.**

District Court, E. D. Pennsylvania. November 15, 1927.

No. 7396.

Internal revenue ⬩⬩45—Delinquent income tax accruing in 1916 held subject to 1 per cent. monthly interest, regardless of good faith of abatement claim (Revenue Act 1916, §§ 9 [a], 22 [Comp. St. §§ 6336i, 6336u]; 26 USCA § 104; Revenue Act 1918, §§ 250 [e], 1400 [a] [b], being Comp. St. §§ 6336⅛tt, 6371¾a).

Imposition of interest on delinquent income taxes which accrued in 1916, and not in respect to any period after December 31, 1917, was governed by Revenue Act 1916, §§ 9 (a), 22 (Comp. St. §§ 6336i, 6336u), and Rev. St. § 3184 (26 USCA § 104; Comp. St. § 5906), imposing 1 per cent. monthly interest on delinquent tax assessments, and was not affected by Revenue Act 1918, § 250 (e), being Comp. St. § 6336⅛tt, providing that, if any such assessment is subject to bona fide claim for abatement, no penalty shall be added, and that interest shall be at rate of one-half of 1 per cent. monthly, or section 1400 (a), (b), being Comp. St. § 6371¾a, relating to forfeitures and penalties; 1 per cent. monthly interest being recoverable as interest, and not as a penalty.

At Law. Action by William Carnill against Ephraim Lederer, Collector of Internal Revenue. On defendant's motion for judgment on special finding of the jury. Judgment for defendant on the verdict.

See, also, 298 F. 462.

Joseph L. McAleer, of Philadelphia, Pa., for plaintiff.

George W. Coles, U. S. Atty., of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. The plaintiff brought this action against the defendant, as collector of internal revenue, to recover sums paid by him under protest as additional income taxes, with interest upon a gain or profit realized by him upon the sale of stock in the Hill Oil Company. The plaintiff had acquired the stock prior to March 1, 1913. In June, 1916, he sold the stock for $6,060,000. In his income tax return it was set forth that the value of the stock, as of March 1, 1913, was $5,050,000, and the profit upon the sale $1,010,000. The Commissioner of Internal Revenue fixed the fair market value of the stock as of March 1, 1913, at $430,765, and levied and assessed against the plaintiff an additional tax of $709,408.02, with interest. The plaintiff paid the amount under protest and filed a claim for abatement. The claim was allowed in the sum of $26,739.75, and the additional assessment was thereby reduced to the sum of

$682,668.67, together with $75,093.51 interest upon the additional tax from the time when demand was made for payment of the taxes originally assessed until the date of payment, December 27, 1919. Further abatement being denied, after application for refunding of the tax and interest, the plaintiff brought this suit for recovery of the entire amount of the taxes and interest paid under protest, setting up that the value the plaintiff had fixed as the value of the stock as of March 1, 1913, was the true value.

He further claimed that, interest having been calculated at the rate of 1 per cent. per month pending action upon the claim for abatement, the plaintiff was entitled to a refund of one-half of 1 per cent. per month, upon the ground that the claim was made in good faith under the provisions of the Revenue Act of February 24, 1919 (40 Stat. 1057).

Upon the trial, two issues were submitted to the jury for determination in the nature of a special verdict. These issues and the answers thereto were as follows:

"(1) What was the fair market price or value on March 1, 1913, of the 50½ per cent. of the capital stock of the Hill Oil & Gas Company owned by William Carnill?"

Answer: "$430,765."

"(2) Was the claim of William Carnill for abatement of the income taxes assessed against him a bona fide claim; that is to say, was the claim made in good faith?"

Answer: "Yes."

The jury having found the value on March 1, 1913, in the same amount as that fixed by the Commissioner of Internal Revenue, the defendant moved for judgment upon the verdict. Upon that motion, the only question for decision is whether the provisions of the Revenue Act of February 24, 1919, control in the matter of recovery of interest on taxes assessed under the act of 1916. Section 9 (a) of the act of 1916 (Comp. St. § 6336i) provides:

"That all assessments shall be made by the Commissioner of Internal Revenue and all persons shall be notified of the amount for which they are respectively liable on or before the first day of June of each successive year, and said amounts shall be paid on or before the fifteenth day of June, except in cases of refusal or neglect to make such return and in cases of erroneous, false, or fraudulent returns, in which cases the Commissioner of Internal Revenue shall, upon discovery thereof, at any time within three years after said return is due, or has been made, make a return upon information ob-

tained as provided for in this title or by existing law, or require the necessary corrections to be made, and the assessment made by the Commissioner of Internal Revenue thereon shall be paid by such person or persons immediately upon notification of the amount of such assessment; and to any sum or sums due and unpaid after the fifteenth day of June in any year, and for ten days after notice and demand thereof by the collector, there shall be added the sum of five per centum on the amount of tax unpaid, and interest at the rate of one per centum per month upon said tax from the time the same became due, except from the estates of insane, deceased, or insolvent persons."

Section 22 of the same act (Comp. St. § 6336u) provides:

"That all administrative, special, and general provisions of law, including the laws in relation to the assessment, remission, collection, and refund of internal revenue taxes not heretofore specifically repealed and not inconsistent with the provisions of this title, are hereby extended and made applicable to all the provisions of this title and to the tax herein imposed."

At the date of the passage of the act of 1916, section 3184, R. S. (26 USCA § 104; Comp. St. § 5906), was in force and effect, and provides as follows:

"Where it is not otherwise provided, the collector shall in person or by deputy, within ten days after receiving any list of taxes from the Commissioner of Internal Revenue, give notice to each person liable to pay any taxes stated therein, to be left at his dwelling or usual place of business, or to be sent by mail, stating the amount of such taxes and demanding payment thereof. If such person does not pay the taxes, within ten days after the service or the sending by mail of such notice, it shall be the duty of the collector or his deputy to collect the said taxes with a penalty of five per centum additional upon the amount of taxes, and interest at the rate of one per centum a month."

If the above-cited statutes are controlling, the Commissioner rightfully required the payment of interest at the rate of 1 per cent. per month upon the income taxes paid under protest by the plaintiff. The plaintiff contends, however, that, inasmuch as the jury has found that the claim of the plaintiff for abatement of the income taxes assessed against him was a bona fide claim, and in view of the fact that its claim for abatement was made on January 9, 1919, and the taxes demanded paid on December 27, 1919, interest was recoverable only at the rate of one-half of 1 per cent. per month. This contention of the plaintiff is based upon the provisions of the Revenue Act of February 24, 1919, commonly known as "the act of 1918."

Section 250 (e) of the act (Comp. St. § 6336⅛tt) is as follows:

"If any tax remains unpaid after the date when it is due, and for ten days after notice and demand by the collector, then, except in the case of estates of insane, deceased, or insolvent persons, there shall be added as part of the tax the sum of 5 per centum on the amount due but unpaid, plus interest at the rate of 1 per centum per month upon such amount from the time it became due: Provided, that as to any such amount which is the subject of a bona fide claim for abatement such sum of 5 per centum shall not be added and the interest from the time the amount was due until the claim is decided shall be at the rate of one-half of 1 per centum per month."

It is under the proviso of the above-cited section that the plaintiff seeks now to have judgment entered in its favor for all of the interest collected in excess of one-half of 1 per cent. per month. The question to be determined then is whether that proviso applies to taxes assessed under the act of 1916, and therefore controls the rate of interest chargeable upon the taxes assessed in the instant case. By section 1400 (a) of title 14 of the Revenue Act of 1918 (Comp. St. § 6371¾a), title 1 (called "Income Tax") of the Revenue Act of 1916, inter alia, is repealed. Certain parts of the Act of March 3, 1917 (39 Stat. 1002), entitled "An act to provide increased revenue to defray the expenses of the increased appropriations for the army and navy and the extensions of fortifications, and for other purposes," and of the Revenue Act of 1917, are also repealed.

Section 1400 (b) (Comp. St. § 6371¾a), however, provides as follows:

"Such parts of acts shall remain in force for the assessment and collection of all taxes which have accrued thereunder, and for the imposition and collection of all penalties or forfeitures which have accrued and may accrue in relation to any such taxes, and except that the unexpended balance of any appropriation heretofore made and now available for the administration of any such part of an act shall be available for the administration of this act or the corresponding provision thereof: Provided, that, except as otherwise provided in this act, no taxes shall be collected under title I of the Revenue Act of

1916 as amended by the Revenue Act of 1917, or title I or II of the Revenue Act of 1917, in respect to any period after December 31, 1917: Provided further, that the assessment and collection of all estate taxes, and the imposition and collection of all penalties or forfeitures, which have accrued under title II of the Revenue Act of 1916 as amended by the act entitled 'An act to provide increased revenue to defray the expenses of the increased appropriations for the army and navy and the extensions of fortifications, and for other purposes,' approved March 3, 1917, or title IX of the Revenue Act of 1917, shall be according to the provisions of title IV of this act. In the case of any tax imposed by any part of an act herein repealed, if there is a tax imposed by this act in lieu thereof, the provision imposing such tax shall remain in force until the corresponding tax under this act takes effect under the provisions of this act."

It is clear from the provisions of the latter section that the parts of the act of 1916 providing for the assessment and collection of all taxes which accrued thereunder remain in force and effect except in respect to any period after December 31, 1917.

The taxes in the instant case having accrued under the act of 1916 and not being in respect to any period after December 31, 1917, but being entirely in respect to a period during the year 1916, the imposition of interest is governed by the act of 1916, and is not affected by the repealer. It is contended on the part of the plaintiff, however, that the proviso in section 1400 (b) for the collection of penalties or forfeitures under title IV applies to the imposition of interest in the case of a bona fide claim for abatement. An examination of the several revenue acts under consideration, however, clearly indicates that penalties or forfeitures are not the same thing as interest. Forfeitures and penalties are the subject of paragraphs which have no connection with interest as part of the tax. The interest prescribed at the rate of 1 per cent. per month is recoverable as interest, and not as a penalty. United States v. Guest (C. C. A.) 143 F. 456.

Being of the opinion, therefore, that the provisions of the act of 1916, under which the taxes in the instant case were assessed, were not affected by the provisions of the Revenue Act of 1918, and that, therefore, interest at the rate of 1 per cent. per month was properly chargeable and collectible, it is ordered that judgment be entered upon the verdict for the defendant.