### JOSEPH E. SEAGRAM & SONS, Inc., v. SMITH, Collector of Internal Revenue.

### No. 7187.

Circuit Court of Appeals, Seventh Circuit.

June 20, 1940.

Estal G. Bielby, of Lawrenceburg, Ind., and Alfred D. Van Buren, of New York City, for appellant.

Val Nolan, U. S. Atty., and B. Howard Caughran, both of Indianapolis, Ind., Julian D. Simpson, Dept. of Justice, of Washington, D. C., and Elbert H. Loyd,

358

U. S. Treasury Dept., of Chicago, Ill., for appellee.

Before EVANS and MAJOR, Circuit Judges, and WILKERSON, District Judge.

EVANS, Circuit Judge.

Plaintiff makes the following contentions: The tax on its distilled spirits does not attach until they are withdrawn. The loss of the spirits in question did not constitute such a withdrawal or removal as to warrant the assessment of a tax. In other words, losses occurring during operation and production in the distillery are to be distinguished from losses in warehouse after the spirits have been withdrawn from the cisterns, and entered the storage rooms or warehouse. A loss of spirits occurring during production in a distillery due to negligence does not justify or warrant the collection of the taxes provided it is shown, as here, that 80% of the productive capacity of the distillery has been otherwise produced and accounted for.

Defendant, on the other hand, contends that the loss of the spirits constituted such a withdrawal or removal as to require assessment and collection of the tax. The loss occurred after the spirits had been produced and though distinguishable from a loss in a warehouse, the distiller is nevertheless' liable, for a tax thereon. Such a tax, having been lawfully assessed, could only be abated upon plaintiff's showing facts bringing itself within the express authorization of remedial statutes.

On the sharply controverted issue, the court's sixth finding becomes all important. "6. That said loss or destruction of said 3,051 proof gallons of spirits occurred in Plaintiff's distillery cistern room after the production or distillation of said spirits had been completed, and after the same had entered said cistern room but before the time when same should have been drawn off by the storekeeper-gauger and placed in the internal revenue bonded warehouse provided by law."

This finding, if sustained by the evidence, is determinative.

The evidence, we think, supports the finding that the production and distillation of the spirits had been completed before they were lost.

While there may be some question as to just when production or distillation of spirits is completed, the decisions in the cases of United States v. Witten, 143 U.S. 76, 79, 12 S.Ct. 372, 36 L.Ed. 81; United States F. & G. Co. v. United States, 2 Cir., 201 F. 91; United States v. Guest, 4 Cir., 143 F. 456, convince us that distillation was complete in the instant case and the tax liability attached.

The loss was one for which plaintiff must be held responsible. United States v. Sisk, 176 F. 885; United States v. Cole, D. C., 134 F. 697; Hart v. United States, 95 U.S. 316, 24 L.Ed. 479.

The judgment is affirmed.