## UNITED STATES *v.* ULRICI.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MISSOURI.

Argued March 5th, 1884.—Decided March 17th, 1884.

*Internal Revenue.*

The sureties on a distiller's bond for payment of taxes are discharged by seizure of the spirits for fraudulent acts of the distiller, and sale of them by the marshal, and payment of the taxes by the marshal out of the proceeds of the sale.

This was an action at law, brought by the United States against Rudolph W. Ulrici, principal, and Gerhard Bensberg and Charles Hoppe, his sureties on a distiller's warehouse bond, which was payable to the United States in the penalty of $47,000, and was dated May 5th, 1875. The condition of the bond was that the principal should pay, or cause to be paid, the amount of taxes due and owing on certain described distilled spirits entered for deposit during the month of April, 1875, in distillery warehouse No. 4, in the city of St Louis, before the removal of the spirits from the warehouse and within one year from the date of the bond. The breach

alleged was that the defendant Ulrici, principal upon the bond, did not before the removal of the spirits, and within one year from the date of the bond, pay or cause to be paid the taxes due and owing thereon, to the damage of the United States in the sum of $23,189.50.

The answers of the principal and the sureties set up substantially the same defences, only one of which it is necessary to state, which was as follows: After the spirits were deposited in the warehouse they were seized, on account of the fraudulent acts of said Ulrici as a distiller, for which on June 4th, 1875, an information was filed against them in the name of the United States in the Circuit Court for the Eastern District of Missouri, upon which a warrant of arrest issued to the marshal, who by virtue thereof took and held possession of the spirits, which, on January 28th, 1876, were, pursuant to an order of the court, sold by the marshal to various persons for more than enough to pay all the taxes alleged by the United States to exist at the time against them or that were imposed thereon by law; on the same day the marshal received the price of the spirits from the purchasers and therewith by authority of the United States paid to the proper collector of internal revenue the taxes due and owing on the spirits, and the residue of the price he returned into court and delivered the spirits to the respective purchasers thereof.

The Circuit Court overruled a demurrer to this answer, and the plaintiff having taken issue thereon, the parties submitted the cause to the court, both upon the facts and the law.

The bill of exceptions shows that there was evidence tending to prove the truth of the answer. Thereupon "the court declared the law to be that on the pleadings and testimony the plaintiff was not entitled to recover, and found for the defendants and rendered judgment for them." To reverse that judgment this writ of error was sued out.

*Mr. Solicitor-General* for plaintiff in error.

No appearance for defendant in error.

Mr. Justice Woods delivered the opinion of the court. After reciting the facts in, the foregoing language he continued:

The assignment of error is that judgment was given for the defendants, whereas it should have been given for the plaintiff. We think the judgment was right.

It is clear, even upon a cursory reading, that the well-considered and minute provisions of the Revised Statutes found in chapter 4, entitled "Distilled Spirits," of Title XXXV., entitled "Internal. Revenue," were adopted with one purpose only, namely, to secure the payment of the tax imposed by law upon distilled spirits.

All the regulations for the manufacture and storage, the marking, branding, numbering, and stamping with tax stamps, of distilled spirits, and all the penalties, forfeitures, fines, and imprisonments prescribed by the chapter mentioned, have that end only in view. If the tax on distilled spirits were repealed, all the ingenious and complicated provisions of the chapter would become useless and insensible.

Among them is the requirement that when spirits are deposited in a distillery warehouse, the owner should give bond conditioned that he will pay the tax due thereon within one year and before the spirits are removed.

It is clear that the object of exacting this bond is to make sure the payment of the tax. It would seem, therefore, that if the tax is paid within the time limited, either by the distiller or out of the proceeds of the spirits subject to the tax, the object for which the bond was taken is accomplished, and it becomes *functus officio*, and the obligors are discharged.

The contention of the counsel for the government is that the forfeiture of the spirits on which a tax is due for the fraudulent acts of the distiller in seeking to evade its payment is a punishment for the offence, criminal or *quasi* criminal, of the distiller, and that the application of the proceeds of the forfeited spirits to the payment of the tax cannot have the effect of relieving him from the obligation of his bond.

Such, in our opinion, is not the true construction of the law regulating the imposition and collection of the tax on distilled spirits.

Section 3458 of the Revised Statutes, provides that

" Where any whiskey or tobacco or other article of manufacture or produce requiring brands, stamps, or marks of whatever kind to be placed thereon, shall be sold upon distraint, forfeiture, or other process provided by law, the same not having been branded, stamped, or marked as required by law, the officer selling the same shall, upon sale thereof, fix, or cause to be affixed, the brands, stamps, or·marks so required, and deduct the expense thereof from the proceeds of such sale."

The bill of exceptions shows, and the Circuit Court found, that this was done in this case within the year following the execution of the bond. · As directed by the statute, the marshal procured from the collector of internal revenue the stamps necessary to pay the tax on the spirits sold, and placed them on the packages in which the spirits were contained. The collector was authorized by law to deliver the stamps only to be used for the purpose of paying the taxes. Rev. Stat., §§ 3313, 3314. It is clear, therefore, that the affixing of the stamps to the packages by the marshal was intended by the law to be a payment of the tax, and was a payment. The bond on which the suit is brought, having been exacted for the sole purpose of securing the payment of the taxes, was there-fore· discharged.

We think the contention of the plaintiff in error cannot be sustained for another reason. The tax on distilled spirits is made by the statute a first lien thereon. Rev. Stat., § 3251. As two of the defendants are sureties, they have the right to insist that, when the spirits are seized and sold by the United States for any reason whatever, the proceeds shall be first applied to the payment of the tax. It was said by this court in the case of *United States* v. *Boecker,* 21 Wall. 652, that a person about to become a surety on the bond required from a distiller before commencing business " may examine and determine how far, in the event of liability on the part of the principal, the property where the business was to be carried on would be available as security for the government and indem-nity for the surety." So we think the fact that the tax due the

United States is made by law a first lien on the spirits deposited in the distillery warehouse may fairly be considered by the surety when he estimates the risk he takes by signing the distillery warehouse bond. There is an implied undertaking on the part of the United States, based on the statute making the tax a first lien, that the proceeds of the spirits shall be first applied to the payment of the tax, and this undertaking enters into the distiller's warehouse bond. The government, therefore, having forfeited the spirits for the misconduct of the distiller, cannot consistently with the rights of the sureties apply their proceeds on some other account, and collect the tax of them, for the contract of a surety is to be strictly construed. *Leggett* v. *Humphreys*, 21 How. 66; *Miller* v. *Stewart*, 9 Wheat. 680; *United States* v. *Boyd*, 15 Pet. 187; *United States* v. *Boecker*, 21 Wall. *ubi supra*. We think, therefore, that the proceeds of the sale of the spirits was in fact and in law applied to the payment of the tax due thereon, and that the bond of the defendants in the case given for its payment was discharged.

*Judgment affirmed.*

The case of the *United States*, plaintiff in error, v. *James M. Sutton* and *James F. R. Clapp*, No. 852, in error to the Circuit Court of the United States for the Western District of North Carolina, was argued at the same time with the foregoing case, and the same questions were presented by the record. As the judgment of the court below in that case was in favor of the defendants, it follows that it must be affirmed.