## UNITED STATES v. AIKEN et al. (three cases).

(District Court, W. D. Kentucky. March 14, 1901.)

FEDERAL LIQUOR TAX—ACTION BY UNITED STATES ON BOND—ESTOPPEL.

Spirits deposited in a warehouse by a distiller were purchased by the United States for medicinal purposes, and removed from the warehouse, and the entire price paid by the United States, without retaining any part of the tax due thereon after making allowance for evaporation, as authorized by Act Cong. Aug. 27, 1894, § 50. Thereafter the United States brought suit on the distiller's bond against the distiller and his sureties to recover the tax due. *Held* that, since the United States had a lien on the spirits in the warehouse for the payment of the tax due thereon, which lien, through the United States, vested in the sureties, it was the duty of the United States to retain a sufficient amount of the price to pay the tax, and, it not having done so, it thereby deprived the sureties of their security, and hence the United States was estopped, as against them, from recovering on the bond; but such estoppel did not obtain as against the distiller, since as to him the payment of the price without deducting the tax was simply a mistake, which would not operate as an estoppel.

R. D. Hill, U. S. Atty.

C. H. Stoll and A. P. Humphrey, for defendant Alfred R. Mullens.

EVANS, District Judge. These consolidated actions were brought upon three separate bonds of a distiller to recover the taxes upon the 260 gallons of distilled spirits presently to be designated. The condition of the several bonds was alike, and bound the distiller and his sureties to pay the taxes due the United States upon all of the spirits deposited by the distiller in the warehouse in certain numbered packages, subject, of course, to be credited by the tax upon those of the spirits which had evaporated, as the same was to be allowed for, under the provisions of section 50 of the act of August 27, 1894, commonly called the "Carlisle Bill." Certain of the packages, containing something less than 3,000 gallons of spirits, according to the original gauge thereof when deposited in the warehouse, were purchased by the United States for medical purposes, and were, under the orders of the secretary of the treasury, withdrawn from the warehouse without the payment of the tax thereon. At the time of the withdrawal of these spirits they were regauged, and the packages thus withdrawn were then found by the internal revenue officers to contain less by 260 gallons than shown in the original gauge, after also deducting therefrom the Carlisle allowances for evaporation; in other words, the excessive outages from these packages, after giving to the distiller the benefit of the Carlisle allowances, amounted to 260 gallons. But, notwithstanding these facts, and the perfect knowledge of them at the time by the United States and its officers, the plaintiff paid to the owner of the spirits, or to Aiken, the distiller, the entire price agreed upon, and, without the knowledge or consent of the sureties on the bond, removed all of the spirits. Under the statutes, the United States (and I think through the United States, by substitution, the sureties on the bond) had a first lien upon the spirits, to secure the payment of the entire tax thereon, and, as the obligation and rights of the sureties must be construed and enforced

strictly, the court is of opinion that when the United States, with knowledge of the excessive outage, purchased and paid for the spirits, and took possession of and used the same, it should, in discharge of its duties to the sureties on the bond, have withheld enough of the price agreed upon to pay all the taxes due upon the packages removed from the warehouse, including the taxes upon any spirits which had evaporated, but from the payment of taxes upon which the distiller was not exempt by reason of the provisions of the Carlisle bill. Upon the facts disclosed by the answer, the rights of the sureties in respect to the money to be paid by the United States upon the purchase of the spirits were the same as their rights in respect to the spirits themselves,—that is to say, they had the right to the benefit of the lien of the United States upon all the spirits, or their proceeds, in the hands of the plaintiff, to secure the payment of the entire amount of taxes due or assessable thereon in any way. The United States had this lien for the payment of the entire taxation, and when, instead of retaining and applying the price agreed upon in discharging this lien, it paid over all the money to the seller, whoever he was, and then also took possession of all the spirits, and used them, it wronged the sureties to that extent, by depriving them of all the benefit of the lien. The court is of opinion that the neglect of the United States, under these circumstances, and when the money was in its hands, to withhold enough of the agreed price to discharge the entire taxation on the packages purchased, is, as between it and the sureties, matter of estoppel sufficient to prevent the recovery sought in this case as against the sureties on the bond. In short, when the United States had in its possession both the spirits and the money due as the price thereof, it was its duty, in ease of the sureties on the bonds, to see that enough of the purchase money was withheld and retained in its hands to discharge the lien upon the entire original contents of the purchased packages. Some light is thrown on the question by U. S. v. Ulrici, 111 U. S. 38, 4 Sup. Ct. 288, 28 L. Ed. 344. There is much doubt as to whether a similar result would follow as to the principal in the bonds, because no such reasons operate in his favor, and I am inclined to think that the matter of estoppel is not sufficient to exempt the principal from this liability. The United States did not estop itself against the principal by paying him or his vendee more than was due. That was simply a mistake, and not a release or an estoppel.

For the reasons indicated, the demurrer to the answer is overruled as to the surety, Alfred R. Mullens, but sustained as to defendant Aiken, the principal in the bond. The defendant Megibben is dead, and his representative does not seem to be before the court.