UNITED STATES v. UNITED STATES FIDELITY & GUARANTY CO.

(District Court, D. Connecticut. February 6, 1906. On Demurrer, to Answer to Amended Complaint, June 22, 1906.)

No. 1,482.

1. INTERNAL REVENUE—TAX ON DISTILLED SPIRITS—ASSESSMENT.

An assessment of internal revenue tax on distilled spirits based on an estimate is lawful, and is not rendered invalid by a voluntary correction of errors in the estimate.

2. SAME—ACTION ON DISTILLER'S BOND—DEFENSES.

Where distillery property has been forfeited and sold by the government for violation of the internal revenue laws, the sureties on the distiller's bond are not entitled to have the proceeds applied on taxes lawfully assessed upon the product of the distillery to secure the payment of which the bond is conditioned. The statutory lien of the government on the property for the payment of taxes is by way of additional security, and in any event such lien is extinguished by the forfeiture and sale of the property for a cause other than the nonpayment of taxes.

3. SAME—PLEADING—CONCLUSION OF LAW.

An allegation in an answer that the assessment of an internal revenue tax, to recover which suit was brought on a distiller's bond, was "erroneous, unjust, and had no basis of fact to sustain the same," states a mere conclusion of law, and evidence is not admissible thereunder.

On Demurrer to Answer.

Francis H. Parker, for plaintiff.

Joseph L. Barbour, for defendant.

PLATT, District Judge. This is a suit upon a distiller's bond, to which an answer, setting up three defenses, has been filed, and the present dispute arises upon a demurrer which attacks the several defenses. The technical objection to the first defense has been removed by amendment. Beyond that, the validity of the defense depends upon the decision on the third defense. Passing by the technical objections to the second defense we find the gist of it to be that the assessment was based upon an estimate, which turned out to have been erroneous; that the errors have been corrected, and that the balances left due, have been paid in the manner set forth in the third defense. An assessment based upon estimates is lawful, and a voluntary correction of manifest errors therein cannot defeat the assessment. The rest of the defense also depends upon the decision on the third defense. The demurrer to the third defense presents in a tangible and clearly defined way, the exact contention between the parties.

Let us see if I can state the case: Certain taxes were due upon certain liquors. The distiller, prior to their becoming due, had given a bond, conditioned upon his faithful compliance with all laws and regulations touching distilling, and his payment of all penalties incurred or fines imposed for a violation thereof. The payment of the taxes imposed by the government upon the product of the distillery, is covered by the bond in suit. United States v. National Surety Co., 122 Fed. 904, 59 C. C. A. 130. The revenue laws are remedial and are to be liberally construed. United States v. Stowell, 133 U. S. 1, 10 Sup. Ct. 244, 33 L.

Ed. 555. It is assumed that the taxes are made by law a first lien upon the distillery property. The distiller has forfeited such property by a violation of the laws and regulations, referred to in the bond. The defendant argues that the government is obliged to apply the net moneys received from the sale of such forfeited property, toward the payment of the taxes due upon the liquors. Did Congress by making such taxes a first lien upon the distillery property, intend to compel the government to relinquish all other modes of recovering the tax? I cannot so construe the law. The right of lien seems to have been imposed merely as a further way of making the payment of the taxes assured. The bond in suit is also a means for obtaining payment of the tax. The tax is really a debt owed to the government by the distiller and can be recovered by any method which could be applied in the recovery of any debt. The personal liability of the distiller for the tax, remains in full force, independently of the lien, and that liability is guarantied by the bond. The bond must respond, not only to the payment of the tax, but also to the forfeitures under which the property was sold. The property has disappeared under the forfeitures, but the taxes remain unpaid, and the sureties are responsible. If the distiller had paid the taxes, the liquors would have been forfeited, tax and all. It would place a premium on delay, to hold that other forfeited property should respond for unpaid taxes.

If these thoughts and others suggested by them were not enough, a conclusive one remains: It is not thought that the lien upon the property can be said to continue upon the proceeds after the property has been forfeited and sold. It was forfeited for fraud, not for nonpayment of taxes; and the entire right of the distiller in and to the property, passed into the hands of the government because of the fraud. The taxes remain due and unpaid. The surety was responsible for the taxes and for the fraud. It is not becoming in him to ask, that both obligations shall be canceled in the way suggested. Defendant relies upon the Ulrici Case, 111 U. S. 38, 4 Sup. Ct. 288, 28 L. Ed. 344, but that does not appear to be in point. The bond in that suit was given for no other purpose than to secure the payment of taxes upon liquors which had been actually deposited in a warehouse. Such taxes had been paid, and therefore the condition of the bond had been fulfilled. We may admit that the revenue laws have for their chief purpose the payment of the taxes due the government, but to carry out that purpose, many laws have been enacted, and many regulations made, and the bond in this suit was made broad enough to cover them all.

The demurrer is sustained, with costs.

## On Demurrer to Answer to Amended Complaint.

The demurrer to the answer to the amended complaint is sustained, for the reasons set forth in the opinion filed February 6, 1906, upon the demurrer to answer before amendment, and the same may be considered a part hereof. The allegation of the second defense, that "the assessment was erroneous, unjust, and had no basis of fact to sustain the same", merely states a conclusion of law; and in support of that alle-

gation, standing alone, no facts could properly be introduced in evidence. The record may show that the defendant thinks that it could offer such testimony, and that it would try to do so if the occasion arose.