UNITED STATES FIDELITY & GUARANTY CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. November 7, 1907.)

No. 17.

INTERNAL REVENUE—ACTION ON DISTILLER'S BOND TO RECOVER TAXES—DEFENSES.

On a seizure and sale of distilled spirits under the internal revenue law for nonpayment of the tax thereon, the proceeds are applicable on such tax, and, if sufficient, extinguish the same; and in an action by the government on a distiller's bond to recover a tax on spirits an answer containing allegations under which the defendant is entitled to prove such a state of facts is not demurrable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Internal Revenue, § 67.]

In Error to the District Court of the United States for the District of Connecticut.

For opinion below, see 144 Fed. 866.

This cause comes here upon a writ of error to review a judgment of the District Court, District of Connecticut, entered after trial by the court without a jury.

J. L. Barbour, for plaintiff in error.

H. Parker, U. S. Atty.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. This action was brought against the surety on a distiller's bond to recover a tax assessed upon certain proof spirits manufactured by such distiller. It appears from the findings of the judge and from certain averments of the answer which were demurred to and demurrer sustained, such averments being thus admitted, that a tax of $1,045 was assessed against the distiller upon 950 gallons of proof spirits by an internal revenue agent, and that the commissioner of internal revenue of his own volition, and without request of the distiller, abated $414.52 of this assessment, leaving outstanding and unabated $630.48. A tax of $60.11 was also assessed upon other proof spirits produced by said distiller. He did not himself pay any part of either of these taxes. The answer averred as a so-called "third defense" that:

"The principal on said bond, Morris Vogel, the distiller mentioned in said complaint, prior to the commencement of these proceedings, had property which was seized and sold under the internal revenue laws of the plaintiff, the United States of America, in forfeiture proceedings, and that the said plaintiff realized from the sale of said property of the said Morris Vogel the following sums, to wit: $691.47 and $57.68—and that said assessments were a first lien upon said property and upon the proceeds of the sale thereof, and that, therefore, the said assessments have been satisfied in full out of the property of said distiller prior to the bringing of this action."

Under such an averment the defendant could (if such were the facts) have shown upon the trial that the property of the distiller which was seized and sold in forfeiture proceedings was the identical whiskey upon which these taxes were assessed, and that the misconduct of the distiller upon which forfeiture was predicated was his failure to pay such taxes. A demurrer to this third defense was sustained, and defendant thus precluded from introducing testimony in its support. If the facts were as suggested above, the defense would be a good one under U. S. v. Ulrici, 111 U. S. 38, 4 Sup. Ct. 288, 28 L. Ed. 344. Whether, if the facts were in some respects otherwise, the Ulrici Case would still control, is a question upon which we express no opinion until it is seen what the facts are. When defendant puts in its proof under this defense, the transaction will be fully shown.

The court erred in sustaining demurrer to this third defense; and the judgment is therefore reversed, and cause remanded for a new trial.