**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Alford REEVES and Jerry D. Reed,
Defendants-Appellants.**

**Nos. 677–69, 678–69.**

United States Court of Appeals,
Tenth Circuit.

May 8, 1970.

John E. Green, Asst. U. S. Atty. (William R. Burkett, U. S. Atty., on the brief), for appellee.

Warren H. Crane, Lawton, Okl., for appellants.

Before LEWIS, BREITENSTEIN and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Defendants-appellants Reeves and Reed operated a bar in Lawton, Oklahoma, where they sold liquor by the drink. A jury found them guilty of violating 26 U.S.C. § 5691(a) by carrying on the business of a retail dealer in liquors without payment of the required federal tax. The single question on this appeal is whether, under the Marchetti-Grosso-Haynes-Leary line of cases, infra, the timely assertion of the Fifth Amendment privilege against self-incrimination is a complete defense to a prosecution under § 5691(a).

The pertinent federal statutes relating to alcoholic beverages must be considered. Section 5121, Title 26 U.S.C., imposes a special tax of $54 a year on a "retail dealer in liquors." Section 5122(a) defines a retail dealer as one who "sells, or offers for sale, any distilled spirits, wines, or beer, to any person other than a dealer." Defendants admittedly fall within this definition. Section 5124 requires the keeping of certain records by retail dealers. These records may be examined by the Secretary of the Treasury or his delegate during business hours. See § 5146. Revenue stamps evidencing payment of the tax must be posted conspicuously, § 6806(a), and such payment does not exempt the payor from punishment provided by state law for carrying on the business, § 5145. Section 5691(a) provides penalties for nonpayment of the tax.

Oklahoma forbids the "open saloon" which is defined as "[a]ny place, public or private, wherein alcoholic beverage is sold or offered for sale, by the drink; or, sold, offered for sale, or kept for sale, for consumption on the premises." Retail sales of alcoholic beverages are limited to package stores. Okl.Const. Art. 27, § 4; see also Okl.St.Ann. Title 37, § 538(h). Defendants say that because they were illegally operating an open saloon the payment of the federal tax would have incriminated them in violation of their Fifth Amendment privilege.

The Supreme Court decisions in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889; Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906; Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923, and Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57, are based on principles common to all four cases. The statutes involved (wagering tax in Marchetti and Grosso, registration of firearms in Haynes, and marihuana traffic in Leary) all required information about activities in an area "permeated with criminal statutes" and applied to groups "inherently suspect of criminal activities." Marchetti, supra, 390 U.S. at 47, 88 S.Ct. 697; Grosso, supra, 390 U.S. at 64, 88 S.Ct. 709; Haynes, supra, 390 U.S. at 96, 99, 88 S.Ct. 722; and Leary, supra, 395 U.S. at 16, 18, 89 S.Ct. 1532. The required information was incriminating because it admitted conduct

generally characterized as criminal. By law or practice, the information was made freely available to prosecuting officials. This availability was intended by Congress. Marchetti, supra, 390 U.S. at 58–59, 88 S.Ct. 697. The Court concluded that in these circumstances the "hazards of incrimination can only be characterized as 'real and appreciable.'" Grosso, supra, 390 U.S. at 67, 88 S.Ct. at 713. Accordingly, the timely assertion of the Fifth Amendment privilege was a complete defense to a prosecution for noncompliance with the statutes.

■■ We are confronted with a different situation. The sale of liquor in some form is permitted in all 50 states and the District of Columbia. United States v. Walden, 4 Cir., 411 F.2d 1109, 1111, cert. denied 396 U.S. 931, 90 S.Ct. 271, 24 L.Ed.2d 230. The taxing statutes apply to many, not a few, persons as evidenced by the fact noted in Walden, supra, n. 3, that the Treasury Department in 1966 issued over 13,000 licenses for operations relating to alcoholic beverages. The single purpose behind the federal statutory framework relating to alcohol taxes is to make sure the payment of the tax. United States v. Ulrici, 111 U.S. 38, 40, 4 S.Ct. 288, 28 L.Ed. 344. The importance of the tax is shown by the fact that in the fiscal year ending June 30, 1968, the total revenue from alcohol taxes was $4,287,237,000. Commissioner of Internal Revenue, 1968 Annual Report at 108.

The courts have consistently rejected the self-incrimination defense in prosecutions for violations of the federal liquor tax laws. See United States v. Hunt, 3 Cir., 419 F.2d 1; United States v. Walden, supra; and Wilson v. United States, 5 Cir., 409 F.2d 604, cert. denied 395 U.S. 923, 89 S.Ct. 1772, 23 L.Ed.2d 240. Wilson lists various other Fifth Circuit decisions reaching a similar result. Ibid, n. 1. Although these cases were not concerned with the tax on retail liquor dealers, we are aware of no reasons why retail liquor dealers should be treated any differently than distillers, wholesalers, and those possessing unstamped liquor. In short, the alcohol taxes do not apply to a select group "inherently suspect of criminal activity" in an area "permeated by criminal statutes."

In the Marchetti-Grosso line of decisions the Court emphasized that information divulged in compliance with the federal laws was, by statute or practice, made freely available to state and local prosecutors. The defendants make much of 26 U.S.C. § 6107, which opens for public inspection the lists of special taxpayers including those paying retail liquor dealer taxes. This section was applicable in Marchetti and to the special occupational taxes in Haynes. See Marchetti, supra, 390 U.S. at 59, 88 S.Ct. 697, and Haynes, supra, 390 U.S. at 100, 88 S.Ct. 722. It was mentioned in Leary, where another statute accomplished the same result, and in Grosso, where the information was provided through practice. See Leary, supra, 395 U.S. at 15, 89 S.Ct. 1532, and Grosso, supra, 390 U.S. at 69, 88 S.Ct. 709. We need give no concern to § 6107 because Congress repealed it effective October 22, 1968, about five months before the offense charged in the instant case. See Pub.L. 90–618, Tit. II, § 203(a), 82 Stat. 1235. The defendants have made no showing that as a matter of practice state or local officials were informed of those paying the retail liquor dealers tax. In the circumstances we find no "real and appreciable" risk of self-incrimination within the rationale of Marchetti and its progeny.

Affirmed.