**UNITED STATES of America, Plaintiff-Appellee,**

v.

**ONE COIN–OPERATED GAMING DEVICE; Two Coin-Operated Gaming Devices and their Coin Contents of $181.15; One Coin-Operated Gaming Device and its Coin Contents of $397.40; One Coin-Operated Gaming Device and its Coin Contents of $.95; and One Coin-Operated Gaming Device and its Coin Contents of $111.50, Defendants-Appellants.**

No. 79–1482.

United States Court of Appeals, Tenth Circuit.

May 14, 1981.

Rehearing Denied July 21, 1981.

**1298**

Peter Everett IV, of D'Angelo, Everett, Vigil, Albuquerque, N. M., for defendants-appellants.

Richard J. Smith, Asst. U. S. Atty., Albuquerque, N. M. (R. E. Thompson, U. S. Atty., Albuquerque, N. M., with him on the brief), for plaintiff-appellee.

Before McWILLIAMS, DOYLE and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

This is an appeal from judicial forfeiture proceedings under 26 U.S.C. § 7302 in which six coin-operated gaming devices and the

coins in those machines were declared forfeited for failure to pay gaming machine tax imposed by 26 U.S.C. § 4461 (repealed 1980).[1] The owner, William Estes, filed this appeal, claiming (1) application of the law violates his Fifth Amendment rights against self-incrimination; (2) the government was estopped from seizing the machines because of actions of its agent; (3) the Internal Revenue Service's (IRS) acceptance of late payment of the tax bars the forfeiture; (4) moneys contained in the machines were not subject to forfeiture; and (5) repeal of 26 U.S.C. § 4461 in 1980 requires us to set aside this conviction. We find it necessary to consider only the first of these claims.

Estes asserts his refusal to purchase the tax stamps required by section 4461 was protected by the Fifth Amendment privilege against self-incrimination. At trial, Estes testified that he bought stamps for his machines every year until the stamps were used as evidence against him in a 1974 federal trial for illegal gambling. After that trial, he stopped buying the stamps because he feared they could be used as evidence against him again.

Estes' contentions concerning self-incrimination are based upon *Marchetti v. United States*, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), and *Grosso v. United States*, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968). In those cases, the Supreme Court held that federal tax provisions 26 U.S.C. §§ 4411 and 4412, as they were then enforced, violated the defendants' Fifth Amendment privilege by subjecting taxpayers to substantial hazards of self-incrimination.

"Petitioner was confronted by a comprehensive system of federal and state prohibitions against wagering activities; he was required, on pain of criminal prosecution, to provide information which he might reasonably suppose would be available to prosecuting authorities, and which

---

1. The applicable portion of 26 U.S.C. § 4461 provided:

    "*Imposition of tax*
    (a) *In general.*—There shall be imposed a special tax to be paid by every person who

maintains for use or permits the use of, on any place or premises occupied by him, a coin-operated gaming device (as defined in section 4462) at the following rates:
    (1) $250 a year ..."

would surely prove a significant 'link in a chain' of evidence tending to establish his guilt."

*Marchetti v. United States*, 390 U.S. at 48, 88 S.Ct. at 702 (footnotes omitted). The *Marchetti-Grosso* rationale is applicable to forfeiture proceedings when the statute imposing the forfeiture is "intended to impose a penalty only upon those who are significantly involved in a criminal enterprise." *United States v. United States Coin & Currency*, 401 U.S. 715, 721–22, 91 S.Ct. 1041, 1044–45, 28 L.Ed.2d 434 (1971).

The government's response is that 26 U.S.C. § 4424, passed after *Marchetti* and *Grosso*, cured the hazards of incrimination recognized in those cases.[2] Estes asserts that section 4424 does not provide sufficient protection against disclosure of the incriminating evidence required to accompany payment of the occupational tax on form 11–B.

**2.** Several circuits have held that 26 U.S.C. § 4424 has effectively removed the hazards of incrimination previously inherent in the federal tax laws on wagering, covered by chapter 35 of Title 26, 26 U.S.C. §§ 4401 to 4424. *See United States v. Jeffers*, 621 F.2d 221, 225 (5th Cir. 1980); *United States v. Stavros*, 597 F.2d 108, 114 (7th Cir. 1979); *United States v. Sahadi*, 555 F.2d 23 (2d Cir. 1977). Section 4424 forbids any officer or employee of the Treasury Department to divulge wagering tax information compelled by the tax statute and expressly declares that the government may not use stamps, cancelled checks, receipts, or other derivative items from application of the stamp tax in any criminal proceeding, except proceedings to enforce the internal revenue laws.

**3.** Subtitle D, chapter 35, subchapter C, section 4424, (26 U.S.C. § 4424) reads as follows:
"(a) GENERAL RULE.—Except as otherwise provided in this section, neither the Secretary nor any other officer or employee of the Treasury Department may divulge or make known in any manner whatever to any person—
(1) any original, copy, or abstract of any return, payment, or registration made pursuant to *this chapter,*
(2) any record required for making *any such return*, payment, or registration, which the Secretary is permitted by the taxpayer to examine or which is produced pursuant to section 7602, or
(3) any information come at by the exploitation of *any such return*, payment, registration, or record.

The problem here is that by its express terms 26 U.S.C. § 4424 applies only to wagering taxes under chapter 35 of Title 26.[3] The instant seizure is for failure to pay the occupational tax on coin-operated gaming devices, a part of subchapter B of chapter 36, titled "Certain Other Excise Taxes." *See* 26 U.S.C. §§ 4461–4463 (repealed 1980). Failure to make section 4424 applicable to the occupational tax on coin-operated devices very likely was an oversight by Congress. Other sections noted by the Supreme Court in *Marchetti, Grosso*, and other cases were amended in 1976 to eliminate objectionable features, in broad enough terms to encompass the tax on coin-operated gaming devices. Thus, 26 U.S.C. § 6107 which required disclosures to prosecuting authorities of names of persons who paid special taxes under subtitle D of the Internal Revenue Code (including chapters 35 and 36) has been replaced by a tax return

(b) PERMISSIBLE DISCLOSURE.—A disclosure otherwise prohibited by subsection (a) may be made in connection with the administration or civil or criminal enforcement of any tax imposed by *this title.* However, any document or information so disclosed may not be—
(1) divulged or made known in any manner whatever by any officer or employee of the United States to any person except in connection with the administration or civil or criminal enforcement of *this title*, nor
(2) used, directly or indirectly, in any criminal prosecution for any offense occurring before the date of enactment of *this section.*
(c) USE OF DOCUMENTS POSSESSED BY TAXPAYER.—Except in connection with the administration or civil or criminal enforcement of any tax imposed by *this title*—
(1) any stamp denoting payment of the special tax under *this chapter,*
(2) any original, copy, or abstract possessed by a taxpayer of any return, payment, or registration made by such taxpayer pursuant to *this chapter*, and
(3) any information come at by the exploitation of any such document, shall not be used against such taxpayer in any criminal proceeding.
(d) INSPECTION BY COMMITTEES OF CONGRESS.—Section 6103(f) shall apply with respect to any return, payment, or registration made pursuant to *this chapter.*"
(Emphasis added).

preparer provision requiring no such disclosure. Section 6806, which previously required conspicuous posting of gaming tax stamps on or in the machine itself, now excepts from such posting all stamps acquired "under subchapter B of chapter 36,"[4] the occupational tax on coin-operated gaming devices. While these amendments seem to remove some of the Supreme Court's concerns, we believe the existing hazards of incrimination are, nevertheless, substantial. The IRS is no longer *required* to disclose the names of persons paying special taxes, and there is no indication in the record of this case that IRS officials are providing information derived from form 11–B to state or federal prosecutors; still, protection such as that afforded by section 4424 and absent here is necessary. *See Marchetti v. United States*, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968). 26 U.S.C. § 6103(i)(3) allows the IRS to disclose return information which may constitute evidence of a violation of federal criminal law. *See also* 26 U.S.C. § 6103(i)(1), (2). Moreover, such information may be introduced as evidence in administrative or judicial proceedings. 26 U.S.C. § 6103(i)(4). *See Marchetti*, 390 U.S. at 47–48, 88 S.Ct. at 702.

The trial judge in the instant case ruled the federal tax on these devices was not directed at a "small group of people whose activities were inherently suspect," and, thus, the statute did not subject defendant to hazards of self-incrimination. *See Marchetti v. United States*, 390 U.S. at 47, 88 S.Ct. at 702; *Grosso v. United States*, 390 U.S. at 64, 88 S.Ct. at 711; *United States v. Reeves*, 425 F.2d 1063, 1065 (10th Cir. 1970). We disagree. The special tax is only upon "coin-operated gaming device[s]," defined as slot machines or their equivalents, "which by application of the element of chance, may deliver or entitle the person playing or operating the machines to receive cash, premiums, merchandise, or to-

kens." 26 U.S.C. § 4462(a)(1) (repealed 1980). Nearly everywhere, use of these machines for gambling purposes is as extensively prohibited as wagering. *E. g.*, Okla. Stat.Ann. tit. 21, § 941 (West 1951); § 981(3) (West 1975). We note that the government has abandoned this approach to regulating gambling activity, repealing section 4462 effective June 30, 1980. The Senate Report recommending repeal stated "the tax on slot machines was never intended as a revenue raising measure, but was instituted for oversight purposes in the area of coin-operated gaming devices." S.Rep. No.1263, 95th Cong., 2d Sess. 219, *reprinted in* [1978] U.S.Code Cong. & Ad.News 6761, 6982. In the absence of a prohibition like section 4424 applicable to this tax, forfeiture of the machines for failure to comply with section 4461 violates the Fifth Amendment privilege against self-incrimination. The case is reversed and remanded with instructions to dismiss the forfeiture action.

---

4. 26 U.S.C. § 6806 now reads as follows:

"Every person engaged in any business, avocation, or employment, who is thereby made liable to a special tax (other than a special tax under subchapter B of chapter 35 [occupational wagering tax], under subchap-

ter B of chapter 36 [occupational tax on coin-operated gaming devices], or under subtitle E) shall place and keep conspicuously in his establishment or place of business all stamps denoting payment of such special tax."